**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: May 8 2018

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 16-30416 |
| | ) | |
| Ellena L. Lee and | ) | Chapter 13 |
| Reginald Lee, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING OBJECTION TO AMENDED CLAIM

The matter before the court in this Chapter 13 case is Debtors' Objection to Amended Proof of Claim Filed by Ocwen, [Doc. #123], ("Objection"). After Debtors filed a proof of claim on its behalf, the amended claim in dispute was filed by Ocwen Loan Servicing, LLC, on behalf of U.S. Bank National Association, as Trustee under the Pooling and Servicing Agreement dated as of March 1, 2002, Morgan Stanley Dean Witter Capital I Inc. Trust 2002-NC 1 ("Creditor"). Creditor responded to the Objection, [Doc. # 126], and Debtors replied to Creditor's response, [Doc. # 127]. The court then held a hearing at which Debtor Ellena Lee, Debtors' attorney, and the Chapter 13 Trustee appeared in person. Creditor's attorney appeared by telephone.

The district court has jurisdiction over this Chapter 13 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings involving allowance or disallowance of claims are core proceedings that the court may

hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(B). The claim objection in this case in particular involves procedural issues unique to the bankruptcy process.

The primary purpose of this case is to allow Debtors to cure the default on their mortgage debt to Creditor and to resume and maintain making regular post-petition mortgage payments, as allowed by 11 U.S.C. § 1322(b)(5). Debtors filed a claim on Creditor's behalf after it did not do so itself. Creditor's Amended Proof of Claim asserts a mortgage arrearage far greater than the arrearage provided for in the claim filed by Debtors and under Debtors' confirmed Chapter 13 plan. At the hearing, the parties agreed that, before addressing whether Creditor's asserted arrearage is correct in amount, the court should first address the procedural issues raised by Debtors' Objection, that is, whether the Bankruptcy Rules permit a creditor to amend a proof of claim filed by a debtor on the creditor's behalf and whether the binding effect of Debtors' confirmed Chapter 13 plan precludes Creditor's Amended Proof of Claim. There is no factual dispute underpinning these procedural issues. Because the court finds that Debtors' confirmed Chapter 13 plan gives claim preclusive effect to the amount of the mortgage arrearage, it will sustain Debtors' Objection and need not reach the factual dispute over the amount of the arrearage otherwise asserted in Creditor's amended claim.

## BACKGROUND

On February 20, 2016, Debtors filed their petition for relief under Chapter 13 of the United States Bankruptcy Code. Creditor holds a mortgage on Debtors' home. Debtors filed a proposed Chapter 13 plan on March 25, 2016, an amended plan on June 16, 2016, and a Second Amended Plan on August 26, 2016, ("Plan") [Doc. ## 14, 44, 72], each of which were served on Creditor, [*see* Doc. ## 16, 44, 72]. Debtors' Plan proposed to cure their mortgage default in the stated amount of $15,000.00 by means of monthly payments by the Chapter 13 Trustee over the course of their sixty-month Plan. The Plan also provides that the Trustee shall make ongoing monthly conduit postpetition mortgage payments in the amount of $1,817.73.

After several continuances, of which Creditor was also provided notice, [*see* Doc. ## 50, 69], the court held a confirmation hearing on September 27, 2016. No objections to Debtors' Plan were filed and the Plan was orally confirmed at that hearing, subject to a stipulated order amending the Plan in a manner that does not affect Creditor's claim.[1] [*See* Doc. # 81]. The court's written order confirming Debtors' Plan

---

[1] The Stipulated Order requires Debtors to submit to the Trustee all tax refunds and tax returns for years 2016 through 2020 and required them to remit a lump sum payment of $3,800.00 to the Trustee by October 3, 2016. [Doc. # 84].

was entered on October 18, 2016, as amended on December 20, 2016.[2] [Doc. ## 89, 105].

The bar date for non-governmental creditors to file proofs of claim was June 29, 2016. Creditor was provided notice of the bar date, [*see* Doc. # 6], but did not file a proof of claim. As a result, Debtors filed a proof of claim on Creditor's behalf on September 26, 2016, in the amount of $175,000.00, with $15,000.00 stated as the amount necessary to cure any default as of the date of the petition. [Claim No. 15-1]. No objection to this claim was filed.

On December 1, 2016, the Trustee filed and served on Creditor a Notice of Commencement of Conduit Mortgage Payments. [Doc. # 98]. On December 14, 2016, the Trustee filed and served on Creditor a Notice of Claims Filed and Intent to Pay Claims, which included the $15,000.00 arrearage set forth in the proof of claim filed on Creditor's behalf and as set forth in Debtors' confirmed plan. [Doc. # 100]. The Notice states that "[u]nless a party in interest files an objection and request for hearing within 28 days of the date of the service of this Notice, the said claims will be so paid." [*Id.* at 3]. Creditor did not file an objection.

Creditor filed a Notice of Mortgage Payment Change on June 8, 2017. On December 18, 2017, Creditor filed an Amended Proof of Claim, asserting a mortgage arrearage in the amount of $150,162.44 owed by Debtors as of the date of Debtors' petition. [Claim No. 15-2].

## **LAW AND ANALYSIS**

Debtors object to Creditor's Amended Proof of Claim arguing that (1) the Bankruptcy Rules do not permit a creditor who has not filed a timely proof of claim to amend a proof of claim filed by the debtor on its behalf and (2) the binding effect of the confirmed Plan precludes Creditor's attempt to modify its claim as provided for in the Plan. According to Creditor, Debtors' Plan (1) modifies its rights as the holder of a mortgage on Debtors' home such that sustaining their Objection on this basis would be tantamount to violating 11 U.S.C. § 1322(b)(2) and (2) did not include a good faith estimate of the prepetition mortgage arrearage amount. While the court finds that a creditor may, under some circumstances, file an amended proof of claim that amends a proof of claim filed by a debtor on its behalf, because the court finds that the terms of a confirmed plan have claim preclusive effect with respect to a mortgage arrearage claim amount provided for in the plan, it will sustain Debtors' Objection.

---

[2] An Amended Order Confirming Plan was entered for the sole purpose of correcting the name of Reginald Lee's employer.

## I. Amended Proof of Claim

In 2016, a proof of claim, including a secured creditor's proof of claim if it intended to file one to participate in the plan, was timely filed in a Chapter 13 case if it was filed "not later than 90 days after the order for relief. . . ." Fed. R. Bankr. P. 3002(c) (2016);[3] *see, e.g. In re Pajian*, 785 F.3d 1161, 1164 (7th Cir. 2015) (concluding that Rule 3002(c) applies to both unsecured and secured creditors); *In re Dumbuya*, No. 15-33176, 2017 WL 486917, *4 (Bankr. N.D. Ohio Feb. 6, 2107) (same). If a creditor does not file a timely proof of claim, a debtor (or trustee) is permitted to file a proof of claim on the creditor's behalf, 11 U.S.C. § 501(c); Fed. R. Bankr. P. 3004, thus bringing a perhaps unwilling secured creditor into the case. The Sixth Circuit Bankruptcy Appellate Panel has recognized that, "[i]n the context of a chapter 13 case, this ensures that the plan can operate effectively to cure defaults and pay obligations of the debtor." *Matteson v. Bank of Am., N.A. (In re Matteson)*, 535 B.R. 156, 164 (B.A.P. 6th Cir. 2015).

In this case, that claims bar deadline was June 29, 2016. Creditor did not file a proof of claim by that date, and Debtors filed one on its behalf. Fourteen months later, Creditor filed an amended proof of claim. Neither the Bankruptcy Code nor the Bankruptcy Rules address whether a creditor can amend a claim filed on its behalf by a debtor pursuant to Rule 3004. The Advisory Committee Notes to Rule 3004 explain:

> Since the debtor and trustee cannot file a proof of claim until after the creditor's time to file has expired, the rule no longer permits the creditor to file a proof of claim that will supersede the claim filed by the debtor or trustee. The rule leaves to the courts the issue of whether to permit subsequent amendment of such proof of claim.

"A number of courts have held that they have the discretion to allow a creditor to amend a claim a debtor has filed on the creditor's behalf under Fed. R. Bankr. P. 3004, even after the deadline for the creditor to file a claim on its own behalf." *In re Sacko*, 394 B.R. 90, 96 (Bankr. E.D. Pa. 2008) (citing cases); *accord Belser v. Nationstar Mortg., LLC (In re Belser)*, 534 B.R. 228, 244 (B.A.P. 1st Cir. 2015); *United States v. Kolstad (In re Kolstad)*, 928 F.2d 171, 175 (5th Cir. 1991). As one court explained, "[w]here a creditor who opts to remain outside the bankruptcy process is subsequently pulled in when the debtor files a proof of claim on its behalf, there must be some flexibility to mitigate the unfairness of binding the creditor to that filed claim because of the passage of the bar date." *In re Hill*, 286 B.R. 612, 620 (Bankr. E.D. Pa. 2002). Courts nevertheless consider the timeliness of a creditor's amended proof of claim in exercising discretion to allow the creditor to do so.

---

[3] Rule 3002(c) was amended, effective December 1, 2017, to provide that a proof of claim is timely filed in a Chapter 13 case if filed "not later than 70 days after the order for relief. . . ." Fed. R. Bankr. P. 3002(c) (2017).

In *In re Hill*, the debtor filed a proof of claim on behalf of a mortgage creditor in the amount of $88,000, the arrearage component of which was $4,000. *Id.* at 614. One month later, the debtor's plan proposing to cure the stated mortgage arrearage over the life of the plan and maintain regular postpetition payments was confirmed without objection. *Id.* at 614, 621. The creditor waited another two months after the plan was confirmed to file its proof of claim. *Id.* at 621. The bankruptcy court observed that "[t]he Bankruptcy Code and Rules provide clear and precise procedural mechanisms under which claimants, particularly sophisticated entities can protect their interests" and, in the exercise of its discretion, declined to reward the creditor's failure to follow those procedures by allowing it to amend the debtor's proof of claim filed on its behalf. *Id.*

By contrast, in *In re Sacko*, after the debtor filed a proof of claim on the mortgage creditor's behalf, the mortgage creditor filed an amended proof of claim just three weeks later and before confirmation of the debtor's Chapter 13 plan. *In re Sacko*, 394 B.R. at 95. Because the creditor had acted promptly to assert its rights and because the debtor had suffered no prejudice, the court allowed the creditor to amend the claim. *Id.* at 97. Similarly, in *Belser*, the court found no abuse of discretion by the bankruptcy court in allowing the mortgage creditor to amend a proof of claim just six weeks after the proof of claim was filed on its behalf by the debtor and before confirmation of the debtor's Chapter 13 plan. *Belser*, 534 B.R. at 244-45.

The facts in this case are similar to those in *In re Hill*, abeit more compelling. Here, Creditor not only did not object to confirmation of Debtors' Plan but did not file an amended proof of claim until fourteen months after the Plan was confirmed, during which time Debtors were making their plan payments. As in *In re Hill*, this court will not reward Creditor's dilatory method of proceeding in this Chapter 13 bankruptcy case by allowing it to now amend the proof of claim filed by Debtors. Moreover, as discussed below, the exercise of the court's discretion is further limited by the preclusive effect of Debtors' confirmed plan, an issue not discussed in *In re Hill*.

## II. Preclusive Effect of 11 U.S.C. § 1327

The second issue raised by the parties' arguments is whether the terms of a confirmed Chapter 13 plan that allegedly modifies a creditor's rights in contravention of §1322(b)(2) trumps an amended proof of claim filed after confirmation of the plan.

Section 1327 sets forth the effect of a confirmed Chapter 13 plan. It provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided

5

16-30416-maw    Doc 130    FILED 05/08/18    ENTERED 05/08/18 13:40:43    Page 5 of 7

for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). Thus, absent a timely appeal, this section bars litigation of any issue that was or could have been decided at the confirmation hearing. *Ruskin v. DaimlerChrysler Servs. N. Am., L.L.C. (In re Adkins)*, 425 F.3d 296, 302 (6th Cir. 2005); *Salt Creek Valley Bank v. Wellman (In re Wellman)*, 322 B.R. 298, 301-02 (B.A.P. 6th Cir. 2004) (stating that a confirmed plan "is treated as the exclusive and transcendent relationship between the debtor and the creditor" and "is res judicata as to those issues which were or could have been decided at the confirmation hearing"); *In re McLemore*, 426 B.R. 728, 734 (Bankr. S.D. Ohio 2010); *In re Thaxton*, 335 B.R. 372, 374 (Bankr. N.D. Ohio 2005). "Underlying this principle is the need for finality that parties have after confirmation of a plan so that they may rely upon the terms of the plan and confirmation order 'without concern that actions which they may thereafter take could be upset because of a later change or revocation of that order.'" *In re McLemore*, 426 B.R. at 734 (quoting 8 Collier on Bankruptcy, ¶ 1327.02 (16th ed. 2009)).

While an exception to the preclusive effect of a confirmed plan exists where there is a lack of due process, *id.*, Creditor makes no such argument. And the court's review of the case docket shows that Creditor was served with Debtors' proposed Plan and with notice of the confirmation hearing. Creditor had the opportunity and obligation to object to Debtors' Plan if it believed the amount of its arrearage claim was not accurately set forth therein. *In re Thaxton*, 335 B.R. at 374 ("The opportunity to object to the plan is not merely an option to be exercised at the convenience of the creditors. The policy favoring finality of a plan places an obligation on creditors to make a timely objection prior to plan confirmation."). Creditor did not do so.

Creditor's lack of good faith argument and argument that Debtors' Plan impermissibly modifies its rights in violation of § 1322(b)(2) are arguments that could have and should have been raised at confirmation. Even if Creditor's arguments regarding Debtors' Plan have merit, an order confirming a plan that does not meet the confirmation requirements of the Bankruptcy Code is "enforceable and binding" on a party who had notice of the terms of the plan and "failed to object or timely appeal." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 262 (2010). Raising those arguments now in support of allowing its amended proof of claim is unavailing. *See In re Henry,* 532 B.R. 844, 849 (Bankr. N.D. Okla. 2015) (disallowing creditor's amended proof of claim filed two years after confirmation as it "would not nullify § 1327(a) and would therefore serve no purpose in the administration of this bankruptcy estate"); *In re Passavant*, 444 B.R. 378, 385 (Bankr. S.D. Ohio 2010) (cites *Espinosa* and states even if the provisions of

the Plan under which the Trustee seeks to deem the Mortgage current as of the Final Payment Date violated the Bankruptcy Code, the provisions would be enforceable and binding on the creditor under § 1327(a)); *In re Thaxton*, 335 B.R. at 375 (sustaining objection to creditor's proof of claim timely filed post-confirmation and stating that the possibility that § 1322(b)(2) and § 1325(a)(5) support a right to full payment does not excuse the creditor's failure to timely object to plan confirmation).

## CONCLUSION

For the foregoing reasons, Debtors' Objection to Creditor's Amended Proof of Claim will be sustained. Creditor's amended claim will be disallowed as it is bound by the terms of Debtors' Plan.

The court will enter a separate order in accordance with this Memorandum of Decision.

###